```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

CHUKWUMA E. AZUBUKO,              )
          Plaintiff,              )
                                  )    CIVIL ACTION
          V.                      )    NO. 11-11140-DJC
                                  )
BOSTON POLICE OFFICER #75647,     )
ET AL.,                           )
          Defendants.             )
```

MEMORANDUM AND ORDER FOR DISMISSAL

CASPER, J.

I.  INTRODUCTION

Plaintiff Azubuko ("Azubuko") has been found by several judges of this Court to be an abusive litigant.[1] As a result, he has been enjoined from filing civil actions in this Court without first obtaining permission from a judicial officer. In order to circumvent the Order enjoining him, Azubuko has engaged in a pattern of filing lawsuits in other districts, for the sole purpose of having those cases transferred into this Court. As a result, a further Order issued modifying the Order enjoining Azubuko. See Memorandum and Order (Docket No. 8 at 8), Azubuko v. Empire Insurance Company, et al., C.A. 07-11958-EFH (providing

---

[1] See Judge Saris's Memorandum and Order in Azubuko v. Commonwealth Auction Association, 03mc10053-PBS, (12/17/03 (Docket No. 3)), and Azubuko v. National Magazine Exchange, 03mc10063-PBS (12/17/03 (Docket No. 2)) detailing a list (although not a fully inclusive list) of his cases. Records indicate that Azubuko has filed dozens of cases in this Court directly or through a transfer-in from another district. Several other courts have recognized Azubuko's extensive litigation history and some have also imposed filing restrictions on him. Additionally, several monetary sanctions have been imposed, but remain unpaid.

that any transferred-in civil actions would be immediately closed, with a notation on the docket).

Subsequently, on May 28, 2009, Azubuko filed, directly in this Court, a new civil complaint styled as an Emergency Writ of Mandamus/Injunction seeking to challenge the suspension or revocation of his driver's license. The matter was opened as a Miscellaneous Business Docket. See In Re Enjoined Litigant Azubuko, MBD 09-10152-DPW.

On July 12, 2010, Judge Woodlock issued a Memorandum and Order (Docket No. 12) denying Azubuko's motion for leave to file a lawsuit, motion for leave to proceed *in forma pauperis*, and motion for emergency injunctive relief. Additionally, Judge Woodlock found that, in addition to monetary sanctions and an order enjoining him, further sanctions against Azubuko were warranted for his continued abusive litigation practices. Accordingly, Judge Woodlock modified the prior Orders of Enjoinment, directing, in relevant part, that:

> **Until Azubuko first pays the monetary sanctions previously imposed by this Court (totaling $7,000.00),[2] except if the pleading is filed by a duly licensed**

---

[2] A $5,000.00 sanction was imposed by Judge Young (suspended until another frivolous case was filed; thereafter Judge Zobel and Judge O'Toole found subsequent frivolous cases, so the $5,000.00 is reinstated). Judge Lindsay imposed an additional fine of $1.000.00 See Memorandum and Order (Docket No. 12) dated April 6, 2006 in Azubuko v. Suffolk Superior Court, C.A. 05-10609-RCL. A $1,000.00 further sanction was imposed by Judge Harrington on November 1, 2007, as well as a modification. See Memorandum and Order (Docket No. 8) in Azubuko v. Empire Insurance Company, et al., C.A. 07-11958-EFH.

2

**attorney in accordance with Fed. R. Civ. P. 11, Azubuko is not permitted to file any pleadings in this Court seeking to assert new claims or to obtain any kind of relief.** This Order does not apply to any complaint or other pleading alleging either that he is in imminent danger of serious bodily harm, or other circumstances clearly indicating that it would be unconscionable to deny him an opportunity to seek redress, provided he demonstrates a factual and legal basis for such assertion. Any motion for leave to file a lawsuit must be accompanied by a certificate of good faith, and must demonstrate good cause for permitting a lawsuit to proceed. Any pleading submitted to the Court for filing that does not comport with the prior Orders of the Court and this Order, shall not be filed or stamped received by the Clerk, but shall be returned to Azubuko.

Memorandum and Order (Docket No. 12 at 5-6)(emphasis added).[3]

Thereafter, on June 24, 2011, the United States District Court for the District of Maryland transferred this civil rights action filed by Azubuko in that District. See Azubuko v. Boston Police Officer #75647, et al., 1:11-cv-01671-JKB.[4] Azubuko's civil action names as defendants two Boston Police Officers, a Clerk-Magistrate, two Deputy Clerks, and a Massachusetts judge.

---

[3]On September 10, 2010, Judge Woodlock denied Azubuko's request to reopen his earlier cases, or to reinstate the MBD action. See Memorandum and Order (Docket No. 14). Later, on September 27, 2010, Judge Woodlock issued an Order denying Azubuko's request for a three-judge court, and further warned him that he could be subject to additional monetary sanctions. See Memorandum and Order (Docket No. 18).

[4]This action was one of two transferred by the District of Maryland to this Court. See Azubuko v. Town of Brookline Public Schools Superintendent, et al., C.A. 11-11129-DPW (transferred-in June 23, 2011)(challenging right of Azubuko (as a non-resident who worked in the Town of Brookline), to have his child attend Brookline Public Schools)).

3

He contests a traffic citation received in July 2009 in Boston, as well as the fees of the state court for a hearing before a Clerk-Magistrate, and for an appeal for a hearing before a judge.

Along with the Complaint, Azubuko filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

II. DISCUSSION

It is clear that the District of Maryland has absolutely no connection with the matters raised in Azubuko's Complaint, concerning incidents allegedly occurring in Massachusetts. In light of this, no other logical conclusion can be reached but that Azubuko (a self-proclaimed Boston resident for the past 25 years), filed his Complaint in another District Court solely as a means to circumvent the Orders enjoining him in this Court. Indeed, in a cover letter to the Office of the Clerk in the District of Maryland, Azubuko asks that his civil action not be transferred to the District of Massachusetts. See Exhibit (Docket No. 1-1). Further, in the Memorandum issued in connection with the transfer of this action from the District of Maryland, United States District Judge James K. Bredar stated that there was no discernible basis for Azubuko's filing of the action in Maryland, and further stated that: "Upon review of the court records in the United States District Court for the District of Massachusetts, it is clear why plaintiff has chosen to file his civil actions in this court. He has been barred from

4

filing claims in the Massachusetts court because of his past abusive filings." Memorandum (Docket No. 3-1, dated June 22, 2011).

Azubuko has already been warned against such improper litigation practices, and his contumacious behavior in ignoring the Orders of this Court serves to waste scarce judicial resources, to the prejudice of other litigants. This Court will not permit Azubuko to continue his abusive litigation practices, and Azubuko is <u>WARNED</u> that further violations of this Court's Orders may result in the imposition of additional monetary sanctions, as well as the institution of contempt proceedings against him.

In light of the above, in accordance with Judge Harrington's Order enjoining Azubuko,[5] this action is hereby <u>DISMISSED</u>. Finally, in accordance with Judge Woodlock's Order, <u>this action</u>

---

[5]<u>See</u> <u>Azubuko v. Empire Insurance Company, et al.</u>, C.A. 07-11958-EFH. Judge Harrington's Order provided that:

> Upon receipt of any civil action filed by the Plaintiff in another District and subsequently ordered transferred to this District, the Clerk's Office is directed to open the matter as a transferred action, and immediately close the action noting on the docket that the transferred action is automatically dismissed in view of the Order Enjoining Plaintiff. Should Plaintiff seek to re-open the closed transferred action, he must file a Motion to Reopen and demonstrate good cause, under the penalties of perjury, why the action should be reopened.

Memorandum and Order (Docket No. 8 at 8).

<u>may not be reopened unless Azubuko first pays the monetary sanctions previously imposed by this Court (totaling $7,000.00), or files his motion to reopen (or some other pleading of this ilk) through a duly-licensed attorney in accordance with Fed. R. Civ. P. 11.</u>[6]

In view of this ruling, Azubuko's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>DENIED</u> as moot.

III. CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff Azubuko's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>DENIED</u> as moot;

2. This action is <u>DISMISSED</u> in its entirety;

3. Plaintiff Azubuko may not seek to reopen this action unless he first pays the $7,000.00 in monetary sanctions owed, or unless he files a motion to reopen through a duly-licensed attorney; and

4. Plaintiff Azubuko is <u>WARNED</u> that further violations of this Court's Orders may result in the imposition of additional monetary sanctions, as well as the institution of contempt proceedings against him.

SO ORDERED.

/s/ Denise J. Casper
DENISE J. CASPER
UNITED STATES DISTRICT JUDGE

DATED: June 28, 2011

---

[6]Should Azubuko contend that he is a duly-licensed attorney, he must provide a certified copy of proof of his admission to a Bar of a State in the United States.